By the Court. Vanderpoel, J.
The plaintiff, when he rested his cause, had shown a clear legal title to the premises in question. The deed from Moulton and wife to Mm, bearing date the first day of May, 1836, includes the premises. Has the defendant succeeded in showing, either a paramount title in himself, or any other state of facts, that should operate as a bar x> his adversary’s legal claim ?
It must be borne in mind, that the action is not brought for* *338 any portion of the alley which was appropriated by the agreement of the 29th day of October, 1836, between the plaintiff, Benjamín F. Lee, and Benjamin Curtis, and called the “ alley in commonThe plaintiff, as the defendant contends, may have owned the right of way through the alley, on which the defendant’s stable abuts as an appurtenance to the lots adjoining the alley. It may be trae, that such a covenent enures to the benefit of the grantees of the premises upon which the stable stands, and yet the real point in the case is untouched. The question then arises, is the defendant the grantee of the premises adjoining the alley; if not, the argument, that the alley is an appurtenance, is irrelevant to the real question involved in the case. It can avail a party but little to show that a right of way is an appurtenance to a piece of land, unless he proves a legal title to such piece of land. The proof of the title to the land may draw after it the appurtenance as an incident; but proof of an easement as an incident to a lot, does not satisfy the inquiry, who owns the principal, the lot itself, or that part of it which borders upon the premises dedicated to the use of a way.
The defendant claims under the foreclosure sale of a mortgage executed by Benjamin F. Lee and wife to John Jacob Astor, on the 19th January, 1835. If this be the source and only ground of his title, it must fail The mortgage does not contain the strip of land in question, and a purchaser under a mortgage sale acquires no other or greater estate than would have vested in the mortgagee, if the equity of redemption had been foreclosed. (2 R. S. 2d Ed. 119, § 164.) The defendant’s deed, not embracing the premises, he has no paper title. Can the other facts and points relied upon by him, help him ?
The defendant relies upon the stipulation to the trustees of Mrs. Emily Ward, of the 3d of April, 1840, by which the plaintiff agreed to pay the interest upon the mortgage at the rate of seven per cent, for the term of four years. It is said, that this stipulation was given after the stable was built upon the lot, and was equivalent to a new mortgage which must be taken to cover the property as.it then stood. We cannot see how this stipulation can, legitimately, be held to stretch the mortgage, so as to make it cover the strip in question. It speaks of an *339 existing mortgage on the house and lot, in Lafayette Place; but there is nothing in the stipulation whereby premises other than those described in the mortgage were subjected to its control or operation. There is, surely, nothing in the stipulation indicating even an intention. to enlarge the mortgage, in respect to the premises covered by it. The stipulation cannot therefore aid the defendant.
It is urged, that the plaintiff is bound by his recitals in his recorded deeds to the Unitarian church and his mortgage to Isaac Lawrence. As to the latter, which is dated the 12th day of February, 1840, if that included the premises in question, it proves nothing in favor of the defendant, as he neither connects, nor attempts to connect, himself with it. It is scarcely necessary to add, that in this mortgage, given six years after the date of the mortgage under which the defendant claims, it was corn.; petent for the plaintiff to include, with the lot in question, all the lands he then owned in the city, without creating, even by implication, in the defendant, a title to land not included in the deed or mortgage under which he claims.
In the recitals of the deed to the Unitarian church, dated the 13th day of February, 1838, we find nothing that can prejudice the right or claim of the plaintiff. It bounds the premises conveyed, easterly in the rear by property now belonging to Alexander Mactier, fronting on Lafayette Place, “ cund by a strip two and a half feet in width, taken by him from the said lot, G, and added to the lot owned and occupied by him., fronting on Lafayette Place.” It is contended, that this shows the fact, that the plaintiff had then annexed the strip in question to the lot covered by the mortgage under which the defendant purchased. Suppose he did, for his own convenience, annex another piece of land to the premises which he or his grantor had previously mortgaged, we have yet to learn, that such an . act would so subject such piece to the operation of the mortgage, as to carry it to the purchaser under the mortgage sale. The recitals and description in the deed to the Unitarian church, cannot help the defendant.
3STor can we accede to the soundness of the sixth point taken *340 by the defendant, that the plaintiff himself by building his stable on the rear of the lot, so fixed the boundaries, that a purchaser could not but believe that the lot built on was the lot described in the deeds, and that he cannot therefore now, in a court of law, be suffered to allege, that he has misled the defendant, in regard to the boundaries of the lot.
The defendant assumes that the plaintiff ought to have been present at the master’s sale, and given the purchaser notice of his claim to the strip in question; and this, upon the principle, that he who does not speak when good conscience requires him to speak, shall ever afterwards remain silent. Whether the plaintiff' must be presumed to have been present at the sale, and being present, was obliged to speak, in order to save his right to land not included in the mortgage or decree of sale under which the defendant purchased, are questions that will more properly arise on an appeal to the equity side of the comt. Whether the defendant could successfully raise them in equity, it is not necessary or proper for us here to consider ; more especially as we are informed, that he has taken the incipient step towards invoking the equitable power of this court. It is enough to say, for the purposes of this action, that we do not find enough in the defendant’s sixth point to bar the legal right and title of the plaintiff. This we say, without indicating any opinion as to the weight of this point, when it shall be addressed to the conscience of the court. Suffice it to say, that in this cou/rt of law, the legal title of the plaintiff cannot yield to the equitable considerations now addressed to us.
As the title to the alley is not in controversy in this suit, it is needless to inquire, whether the defendant has entitled himself to the benefit of the covenant between plaintiff and Curtis and Lee, as the owner of the adjacent property, or to the reservations in the deed to the Unitarian church. It cannot be held, that this strip of land can go as an appu/rtenam,ce to the defendant’s • lot. Platt, Justice, well remarks, in Jackson v. Hathaway, 15 John. 454,—“ a mere easement may, without express words, pass as an incident to the principal object of the grant; but it would be absiu’d to allow the fee of one piece of land, not men *341 tioned in the deed, to pass as an wppw'tena/nt to another distinct parcel, which is expressly granted by precise and definite boundaries.
Motion for new trial denied.