LAWRENCE BURKE, Respondent, v. THEODORE P. NICHOLS, Appellant.

In an action to foreclose a mortgage for purchase-money, a defense of counter claim was interposed, and evidence was offered in support of it to prove that a dwelling-house erected upon the premises conveyed, and described by metes and bounds in the deed and conveyed thereby, projected fourteen inches upon the adjoining lot, and that the defendant had been evicted from so much of said house as thus projected over the adjoining lot.

The evidence was excluded by the referee, who decided, as matter of law, that the facts offered to be proved did not constitute a breach of any of the covenants of the deed.

*Held*, that, as the adjoining lot was not covered by the deed, the defendant had no claim against the plaintiff by reason of failure of title to that portion of the house standing thereon.

·ACTION to foreclose a mortgage. The defendant set up a counter claim, to which the plaintiff replied, and the cause was tried by a referee.

On the trial it appeared that on the 2d of March, 1859, the plaintiff conveyed by deed to the defendant, a lot of land on Fifty-second street, in the city of New York, known on a map of the estate of Charles McEvers, deceased, filed in the register's office of said city, as lot number twenty-five, and being the same premises covered by the mortgage set out in the complaint. The deed expressed the consideration of $3,300, and contained the usual full covenants. It also appeared, that, on receiving the deed, the defendant executed to the plaintiff the bond and mortgage set forth in the complaint, to secure the sum of $1,500, part of the purchase-money. The defendant then offered to show that the easterly side of a dwelling-house situate upon the front of the lot particularly described by metes and bounds in such deed, and conveyed thereby, projected over upon an adjoining lot about fourteen inches, and that a fence which appeared to separate the premises conveyed by the deed, from the adjoining lot, was entirely upon the latter lot, and

at the distance of four feet six inches from the easterly boundary of the premises described in the deed; that said adjoining lot was, at the time of said conveyance, owned in fee by another person; and that the defendant had been evicted by a paramount title from so much of said house as projected over upon the adjoining lot, and from the entire use and property in said fence standing thereon. The matters so offered were excluded by the referee on the plaintiff's objection, and the defendant excepted.

The referee also decided, as matter of law, that the matters so offered to be proved did not constitute a breach of any of the covenants in the deed, and that the defendant was not entitled by reason thereof to recover or be allowed any sum whatever, and that the plaintiff was entitled to a decree of foreclosure and sale to make the amount due by the terms of the bond and mortgage; to which rulings the defendant excepted.

A judgment was entered on the report of the referee, which was afterward affirmed at General Term, and the defendant now appeals to this court.

*G. P. Androus*, for the appellant.

*John H. Reynolds*, for the respondent.

SMITH, J. It is a familiar rule, that a grant of land, *eo nomine*, conveys, not only the ground or soil, but every corporeal thing which is attached to the earth, whether by the course of nature, as trees, herbage and water, or by the hand of man, as houses and other structures. (Co. Litt., 4 *a ;* 3 Kent., 486.) The defendant is, therefore, correct in claiming that, under his deed from the plaintiff, his rights in respect to the dwelling-house and fence on the lot thereby conveyed, are the same as if such structures had been specifically mentioned in the grant. If the grantor had title to them, it passed by the deed; if he had not title to such structures, or any part of them, his covenant of seisin was broken, to that extent, and the defendant has a remedy for the breach. But the rights of the defendant, thus acquired, do not extend to such

parts of the house and fence as are attached to and rest upon the soil of the adjoining lot. Those structures, by the operation of the very principle upon which the defendant relies, are a part of the land on which they stand; and it is an acknowledged rule that land does not pass as an appurtenant to land. (15 Johns., 447; 3 Sandf., 333.) The word "appurtenances," in a deed, will not convey any corporeal real property, but only incorporeal easements, or rights and privileges. (Co. Litt., 121; *Buszard* v. *Capel*, 8 Barn. & Cres., 141; *S. C.*, 6 Bing., 150.) As the adjoining lot is not covered by the deed, the defendant has no claim against the plaintiff by reason of failure of title to that portion of the house and fence which stands thereon.

I am in favor of affirming the judgment.

All the judges concurring,

Judgment affirmed.