Voorhees *v.* Burchard.

---

PETER S. VOORHEES, Appellant, v. HENRY BURCHARD, Respondent.

(GENERAL TERM, FOURTH DEPARTMENT, DECEMBER, 1871.)

The right to use ground contiguous to a saw-mill, for the piling of logs, may be gained by prescription.

And it passes by conveyance of the mill as appurtenant thereto.

Evidence of the intention of the parties to the deed, that the grantee should not acquire the easement, cannot prevail over a conveyance of the mill and its appurtenances.

Evidence is admissible to restrict the right to such premises as are reasonably necessary for the enjoyment of the easement.

THIS was an appeal from a judgment in favor of the defendant, entered upon the report of a referee.

The action was trespass, for entering the plaintiff's close and drawing and leaving logs thereon.

The defendant claimed a right to enter, &c., under one Brady, who he alleged to be owner of the freehold. The defendant also claimed that the *locus in quo* was a public highway, and alleged a right in the public, by prescription, to pile logs on the land. The facts, as they appeared upon the trial, are stated in the opinion.

*D. Rumsey*, for the appellant.

*George B. Bradley*, for the respondent.

Present—MULLIN, P. J.; JOHNSON and TALCOTT, JJ.

Voorhees *v.* Burchard.

MULLIN, P. J. In 1840, and for a long time prior thereto, Ransom Rathbone owned the property in question, together with a large quantity of land adjoining. On the premises so owned a saw-mill was erected in 1840; and for a period thereafter of some twenty-five years logs, drawn to be sawed in the saw-mill, were piled on the *locus in quo* and other lands adjoining. From time to time portions of the lands on which logs were piled were sold, and thereafter the logs were piled on the remaining lands. The only place remaining on which logs may be piled is the *locus in quo*. The only way to the mill is over the piling ground. Over it the said Rathbone was accustomed to pass to his said mill, as have been those who succeeded him in the ownership thereof.

Ransom, on the 14th of August, 1840, conveyed to Henry W. Rathbone the mill property above mentioned, together with the appurtenances and all the estate, title and interest of the said Ransom.

Prior to 1860 H. W. R. erected on the premises so purchased by him a grist-mill; the way to which was and is over the *locus in quo*.

In 1865 H. W. R. conveyed the said mill property with the appurtenances to Francis J. Brady, who went into possession under the conveyance to him, and has ever since used the *locus in quo* as a place for piling logs for his saw-mill.

The premises in question were conveyed to the plaintiff in 1861, who is now the owner thereof.

Brady, who owned the mill and had logs piled on the *locus in quo*, gave his consent to defendant to pile logs thereon; and the trespass, for which this action was brought, was for piling on said premises a load of logs.

The cause was referred, and the referee finds the facts above stated, and that the use of the *locus in quo* is necessary to the beneficial enjoyment of said mill, as a way to said mills and mill-yard, and that the said right of way and of piling logs passed to Brady as appurtenant to the said mill.

Assuming that Brady, by virtue of the conveyance to him, acquired the right to pile logs on the *locus in quo* for the use

of his mill, that did not give him the right to pile or authorize others to pile thereon logs not for the use of his mill.

It would seem that it was a custom mill, to which persons having logs which they wished to have sawed into lumber brought them, and they were sawed by the owner of the mill for a compensation, paid by the owner of the logs.

The defendant, I infer from the evidence, brought the logs, for the piling of which this action is brought, to Brady's mill to be sawed; and if he (B.) had the right to use the *locus in quo* as a place for piling logs, the defendant is not liable in this action.

But if Brady had no such right he could confer none on the defendant, and he, defendant, would be liable.

The plaintiff is concededly the owner of the premises in dispute, either absolutely or subject to the right of Brady and his customers to pile logs thereon.

Brady has no title to the premises; they are not embraced in his deed, and the title to them would not pass as appurtenant to the mill property (*Lawrence* v. *Delano*, 3 Sandf., 333); but the easements, that is, the right to travel over it and to pile logs upon it, might. (*Huttemeier* v. *Albro*, 18 N. Y., 48; *Taber* v. *Bradley*, id., 109; *Oakley* v. *Stanley*, 5 Wend., 523; *Leroy* v. *Platt*, 4 Paige, 77; 4 Kent's Com., 467, 468.)

If there was a plainly marked way from the highway to the mills those who desire to go to the mills must follow it. Under such a right the right to pile logs cannot be supported. They are distinct rights or easements, and must be used each by itself.

Ransom Rathbone having used the *locus in quo* for a way to his mill and for piling logs, if there was no other way to it, and he granted the mill with its appurtenances, this would carry the way, either as appurtenant to the mill or as a way of necessity.

The premises in question being used by Ransom for piling logs prior to and at the time of the sale by him to Henry W. Rathbone, the right to pile would pass if there was no other place for piling.

Voorhees *v.* Burchard.

But however that might be, that right was acquired by Henry after twenty years' use, and it passed to Brady as an appurtenant to the mill; and plaintiff took his title in subordination to it.

Brady was therefore authorized to permit his customers to pile logs on the premises in question; and that permission justified the defendant in piling them on the land.

Evidence was given that when Henry W. Rathbone took his conveyance from Ransom, it was not intended or understood that the former acquired any easement in the *locus in quo*. Some evidence was also given tending to show that Brady did not understand that he acquired any interest in said premises.

But the rights of the parties must be ascertained from the deeds themselves, the situation of the premises, and the acts of the parties under the deeds.   The understanding of parties cannot overcome the force of the evidence derived from the deeds, the situation of the premises and the acts of the parties.

Whatever Henry may have known or declared, he nevertheless did travel over these premises and pile logs thereon for over twenty years.   This user created a right, if he had it not before.   Having it, he could lawfully convey it, and he did.

The question as to how much of the *locus in quo* was necessary to be used as a way or for piling logs was competent.   If there was more land than was reasonably necessary for the purposes of a way and of piling, it belonged to the plaintiff.   And it would be an invasion of his right of property for Brady, or those acting by his permission, to pile logs on the premises.

The judgment of the referee must be affirmed.

Judgment affirmed.