CATHARINE TAYLOR, Respondent, *v.* GEORGE BARNES, et al.,
Appellants.

Defendants having purchased certain premises at a state sale, assigned
the certificate to plaintiff, contracting to make the payments thereafter
to be made to the State, and to hold plaintiff "free from all payments,
loss or damage on account of such payments." Defendant having failed
to make the payments, the premises were resold and plaintiff and her
tenant were evicted. In an action upon the contract, the statute of
limitation was pleaded as a defense; *held*, that the contract was broken
by the eviction; and that the statute of limitations only commenced to
run from that time.

Also, *held*, that a record of judgment in an action of ejectment against
plaintiff's tenant under which he was evicted, was *prima facie* evidence
against defendants although they had no notice of the action; that it
imposed upon them the burden of showing that there was a defence to
the action, and that their title to the premises had not become forfeited.

In such an action the proper measure of damages is the value of the land
at the time of the eviction, with interest.

The rule limiting the damages in actions for breaches of covenants of
seizin and of quiet enjoyment to the purchase money paid and inter-
est, does not apply where a vendor has sold lands to which he has not
a perfect title, he undertaking to complete and make perfect the title.

(Argued April 18, 1877; decided April 27, 1877.)

APPEAL from judgment of the General Term of the
Supreme Court, in the fourth judicial department, affirming
a judgment in favor of plaintiff, entered upon the report of a
referee.

This action was brought for an alleged breach of a con-
tract of indemnity executed by defendants. The referee
found in substance the following facts:

In 1852 the People of the State, through the state engi-
neer, sold to defendants certain premises in the city of Syra-
cuse, and said state engineer executed and delivered to
defendants a certificate therefor, which recited, among
other things, that certain payments were thereafter to be
made. That in September, 1852, defendants, by an instru-
ment in writing under seal, assigned said certificate to plain-
tiff, and covenanted and agreed to pay the balance unpaid

according to the terms of said certificate, and to hold plain-tiff " free from all payments, loss or damage on account of such payments." Defendants did not make such payments, and in consequence the premises were again sold by the state in conformity with the statute, and no one bidding, were purchased by the state engineer for the state, and subse-quently sold to Henry B. Dennison. Plaintiff by virtue of her purchase took possession of the premises and occupied the same by herself and one Haywood, her tenant, until June, 1872, when under and by virtue of a judgment in an action of ejectment brought by Dennison and another, to whom he had conveyed an interest in the premises, against said Haywood; plaintiff and Haywood were evicted from the premises. The referee also found that one of the defendants had notice of said action and was requested to defend, and that defendants did retain an attorney who appeared and defended.

Upon the trial of the action it appeared that the assign-ment to plaintiff was lost. Plaintiff called as a witness to prove its contents the attorney who defended the action of ejectment. He was shown the judgment-roll in said action, in which appeared what purported to be a copy of the assign-ment, and he testified without objection that the contents of the assignment were as set forth in the record. Plaintiff subsequently offered the judgment-roll in evidence " to show neglect to pay by defendants, in consequence of which judg-ment was recovered against the tenant of plaintiff ejecting her from the premises, and to show what is stated in it as to the assignment." Defendants' counsel objected to the record being received as evidence of the contents of the assignment. The referee decided that the record was not of itself evidence of the contents of the assignment, but that portion thereof being referred to by the witness it was to be read as part of his testimony, and that the record was competent for the other purposes for which it was offered. To which ruling defendants' counsel duly excepted.

The referee allowed plaintiff to prove, under objection

and exception, the value of the premises at the time of the eviction, and rendered judgment for that value, with interest.

Further facts appear in the opinion.

*Frank Hiscock*, for the appellants. The record in the former suit would only be admissible on the ground that the parties to this one were privy to the parties in that suit, and defendants could not be made so unless regularly notified of such former suit and asked to come in and defend. (18 Barb., 9; 44 id., 328; *Douglas* v. *Howland*, 24 Wend., 35; *Jackson* v. *Griswold*, 4 Hill, 522.) Notice to one of the defendants was not notice to the other. (*Willis* v. *Green*, 5 Hill, 232; *Gates* v. *Bucher*, 60 N. Y., 518–523; *Lewis* v. *Woodworth*, 2 id., 512; *Shoemaker* v. *Benedict*, 11 id., 176.) The action was barred by the statute of limitations. (*Cady* v. *Allen*, 22 Barb., 388; *Rector, etc.,* v. *Higgins*, 48 N. Y., 532; *Wright* v. *Whiting*, 40 Barb., 235; *In re Negus*, 7 Wend., 499; 17 J. R., 232.) If plaintiff were entitled to recover, it would only be the original consideration, with interest. (*Waldron* v. *McCarty*, 3 J. R., 471; *Kortz* v. *Carpenter*, 5 id., 120; *Slyck* v. *Kimball*, 18 id., 198; *Staats* v. *Ten Eyck*, 3 Cai., 111; *Wager* v. *Shuler*, 1 Wend., 553; *House* v. *House*, 10 Paige, 159; 13 J. R., 49; *Dimmick* v. *Lockwood*, 10 Wend., 142; *Baldwin* v. *Munson*, 2 id., 399; *Mack* v. *Patchin*, 29 How., 21; *Peters* v. *McKeon*, 4 Den., 546; *Kelly* v. *Dutch Church*, 2 Hill, 105; *Grant* v. *Tallman*, 20 N. Y., 191; *Pitcher* v. *Livingston*, 4 J. R., 1.)

*Daniel Pratt*, for the respondent. Defendants having appeared in the action against the tenant, are bound by the judgment therein. (*Blasdale* v. *Babcock*, 1 J. R., 517; *Barney* v. *Dewey*, 13 id., 226; *Brewster* v. *Countryman*, 12 Wend., 446; *Fake* v. *Smith*, 2 Abb. [Ct. App. Dec.], 76.) The damage was the value of the land at the time of the eviction, and interest to the time of the report. *Barker* v. *Drake*, 54 N. Y., 211; 16 id., 484; Field on Dam., 387, 465; *Staats* v. *Ten Eyck*, 3 Cai., 3; *Pitcher* v. *Livingston*, 4 J. R., 1.)

ALLEN, J. Whether the contract of indemnity was by deed or by simple contract is not material. It was broken by the eviction of the plaintiff some two years before the trial, and the six years' limitation prescribed by statute for the bringing of actions upon promises had not therefore run. The statute commenced to run from the time of the eviction; but the objection was not taken at the trial, that the instrument was not under seal; had it been taken, the attention of the witnesses would have been called to it, and the fact more distinctly proved than it was, although from the evidence it was, without doubt, a sealed instrument. The execution and delivery of the assignment, containing the covenant of warranty, its loss and contents, were sufficiently proved. The referee, upon the evidence, was warranted in holding these facts well proved. The execution of the paper, its delivery, and the substance of it were proved by the subscribing witness, whose testimony as to the contents was corroborated by Mr. Gifford and others. The loss of the paper was proved by the several witnesses called to that fact. The statement of the contents of the assignment, in the record of judgment, in *Dennison* v. *Haywood,* was, without objection, adopted by and made a part of the evidence of Mr. Gifford, and that part of the record was properly in evidence as a part of his testimony, and as his version of the written agreement. It was not objected that the witness had not stated sufficient to entitle the reading of this part of the record as a statement by him, or that he should, from recollection, state the contents of the instrument. The record was not admitted as of itself evidence of the assignment, bnt merely as the statement of the witness of such contents.

Whether the present defendants had notice of the action against Haywood, and defended it, is not material. Without notice the record was *prima facie* evidence against them, and it was for them to show that there was a defence to the action, and that their title to the premises had not become forfeited. The judgment would not in the absence of notice, have concluded them, but was evidence against them.

(*Bridegport F. & M. Ins. Co.* v. *Wilson,* 34 N. Y., 275.) There was no attempt to disprove the claim that the title to the lands had failed by the omission of the defendants to pay the purchase money due the State. The plaintiff was equitably and legally entitled to the measure of damages awarded her by the referee. It is claimed, on behalf of the appellants, that the rule of damages prevailing in this State in actions of breaches of covenants of seizin, and for quiet enjoyment, and by which the recovery is limited to the purchase money paid, and interest, should have prevailed in this action. The rule referred to is very favorable to the covenantors, and whether it should be applied when the title fails by the fraud or fault of the grantor and covenantor, is at least, doubtful. But it is not applied in cases of executory contracts, where the vendor has sold lands to which he has not a perfect title, and where he undertakes to complete and perfect it. In this case there is an expressed agreement for indemnity, and a recovery which does not give the vendee the benefit of his bargain, and the value of his purchase does not indemnify him against loss. The true rule of damages as a measure of indemnity in such case is the value of the land at the time of the eviction or other breach of the contract with interest from that time. (*Trull* v. *Granger,* 4 Seld., 115; *Hopkins* v. *Grazebrook,* 6 B. & C., 31; *Hill* v. *Hobart,* 16 Maine, 164; *Brinckerhoff* v. *Phelps,* 24 Barb., 100; *McDonnell* v. *Dunlop,* Hardin, 41; *Fletcher* v. *Button,* 6 Barb., 646.) The plaintiff lost the benefit of her purchase, by the omission of the defendants to perform their agreement, by paying for the lands to perfect her title. The loss was occasioned by the act of the defendants; against which they covenanted to indemnify the plaintiff, not merely by restoring the consideration of the purchase, but by paying her the equivalent of the lands to which she was entitled. This alone would adequately indemnify her against loss.

The judgment must be affirmed.

All concur, CHURCH, Ch. J., and EARL, J., concurring in result; ANDREWS, J., absent.

Judgment affirmed.