GEORGE H. ADAMS, Respondent, *v.* WILLIAM CONOVER, Impleaded, etc., Appellant.

Defendant W. and another conveyed to plaintiff and another, by deed containing a covenant of warranty and of quiet enjoyment, certain premises upon which was a mill, a dam and pond, which furnished water-power for the mill, and were essential to its full enjoyment and operation. The deed contained no express covenant in regard to the water-power. The grantees entered into possession, and while running the mill with the dam at the same height as when the conveyance was made, were sued for overflowing the lands of F. by means of the dam; they gave their grantors notice of the actions; judgments for damages were obtained against them. In an action upon the covenants, *held* that the deed purported to convey, at least as an incident to the grant, the dam as it then stood, and the water-power it thus indicated and measured, which was the essential and material element of value in the mill property; that plaintiff had the right to assume, in the absence of any notice, that the dam stood lawfully at its existing height, and that the deed would allow of its maintenance unchanged; that the grantees by the judgments were not merely deprived of an easement in the lands of another, but lost by force of a paramount title part of that which was conveyed; and so that the covenant of warranty was broken.

*Green* v. *Collins* (86 N. Y. 246), and *Burke* v. *Nichols* (2 Keyes, 670). distinguished.

Also *held*, that the judgment-rolls in the action brought by F., and proof as to what was in fact litigated upon their trial, was properly received in evidence.

Plaintiff, after payment of his share of the judgments recovered by F., conveyed his interests in the premises to his co-grantee. *Held*, that his right of action was not thereby lost, as the damages suffered accrued before the sale.

(Argued December 1, 1881; decided January 17, 1882.)

APPEAL from judgment of the General Term of the Supreme Court, in the fourth judicial department, in favor of the plaintiff, entered upon an order made October 3, 1880, which denied a motion for a new trial, and directed judgment on a verdict. (Reported below, 22 Hun, 424.)

This action was brought to recover damages for an alleged breach of covenants of warranty, and of quiet enjoyment contained in a deed. The deed in question was executed by defendant William Conover and one Benjamin Conover, who

died before the commencement of the action.   The defendant
John Conover was co-grantee with plaintiff; having refused to
join as plaintiff, he was made defendant.   The deed conveyed
certain premises in Ontario county, which were described by
metes and bounds.   Upon them was a plaster-mill, with a dam
and pond, which furnished the water-power for running the mill.
The grantees entered into possession, and while running the
mill, as the evidence tended to show with the dam at the same
height as it was at the time of the grant, two actions were
brought against them by one Felt, who owned the adjoining
lands on the stream above, to recover damages for the
overflow of his lands by means of the dam; evidence was
given tending to show that the grantors were notified of these
actions.   Judgments were obtained, which were paid by
the defendants therein.   The judgment-rolls, together with
proof as to what was in fact tried in said actions, were offered
and received in evidence under objection and exception.
After the payment of the judgments and before the bringing
of this action, plaintiff conveyed his interest in the premises to
his co-grantee.

Further facts appear in the opinion.

*W. H. Adams,* for appellant.   Plaintiff was estopped from
claiming that it was his grantors, and not himself, who raised
the dam. (*Smith* v. *Smith,* 79 N. Y. 634; *Stowell* v. *Cham-
berlain,* 60 id. 272.)   As plaintiff, at the time of the purchase
of the premises in question, was not only chargeable with,
but had actual notice of Felt's claim, he cannot recover
for any breach of defendant's covenant, so far as it arises out
of any damage to Felt's land.   (*Bennett* v. *Buchan,* 76 N.
Y. 386; *The Cambridge Valley Bk.* v. *Delano,* 48 id. 326;
*Williamson* v. *Brown,* 15 id. 354.)   While the covenants in
plaintiff's deed doubtless covered all appurtenances to the land
embraced therein, they did not extend to appurtenances which
did not pertain to these premises, nor to premises or water not
embraced in the deed.   (*Burke* v. *Nichols,* 2 Keyes, 670;
*Philbrick* v. *Ewing,* 97 Mass. 133; *Booth* v. *Alcock,* L. R., 8

Ch. App. 663; *Leech* v. *Scheveder*, 9 id. 463.) The overflow of Felt's land by the erection or maintaining of plaintiff's dam was wrongful, and created a nuisance which Felt might have abated by lowering the dam, and so far as his lands were damaged thereby, it was a trespass. (Angell on Water-courses, §§ 388, 389; *Thompson et al.* v. *Allen*, 7 Lans. 459; *Adams* v. *Popham*, 76 N. Y. 410; *Brown* v. *Bowen*, 30 id. 519; *Dubois* v. *Budlong*, 15 Abb. 445.) If a nuisance or trespass, then the covenant on the part of the grantor is one which is in the nature of an indemnity for the perpetration or continuance of a wrongful act, and is void. (*Coventry* v. *Barton*, 17 Johns. 142; *St. John* v. *St. John's Church*, 15 Barb. 346; *McKay* v. *Killback*, 14 Abb. 142; *Pennington* v. *Townsend*, 7 Wend. 276; *Leavitt* v. *Palmer*, 3 Comst. 19; *Griffiths* v. *Hardenburgh*, 41 N. Y. 464.) The covenants in a deed are designed to protect the grantee in the enjoyment of his property in the manner and for the particular purpose intended by the parties at the time of executing the deed. (*Comstock* v. *Johnson*, 46 N. Y. 615; *Voorhees* v. *Burchard*, 55 id. 98.) The covenant for quiet enjoyment is only a guaranty against a paramount title existing in a third person, which might defeat the estate granted. (*Coit* v. *McReynolds*, 2 Robt. 655; *Kelly* v. *Dutch Church*, 2 Hill, 105.) The evidence of jurors is not admissible to impeach, impair or alter their verdicts. (*Williams* v. *Montgomery*, 60 N. Y. 648; *Mitchell* v. *Carter*, 14 Hun, 450; *Clum* v. *Smith*, 5 Hill, 560.) In a case like the one at bar a party claiming a prescriptive right to maintain a dam at some particular height, to which he had raised it by means of slash-boards, must show that the slash-boards were used constantly, and not as occasionally required. (*Marcly et al., Exrs.*, v. *Schultz et al.*, 29 N. Y. 346.)

*John Gillette, Jr.*, for respondent. The deed to the plaintiff and John Conover, executed by the defendant William Conover and his brother Benjamin, and described in the complaint in this action, conveyed to them the right of maintaining the dam and using the water as they existed and were used at the

time of such conveyance. (Rawle on Covenants for Title [1st ed.], 259; [4th ed.] 181; Angell on Water-courses [6th ed.], § 264, note 2; *Simmons* v. *Cloonan*, 2 Lans. 346; *Ritchmyer* v. *Morss*, 3 Keyes, 350; *Mott* v. *Palmer*, 1 N. Y. 564; *Huttemeier* v. *Albro*, 18 id. 51; *Lampman* v. *Milks*, 21 id. 509; *Green* v. *Collins*, 20 Hun, 474; *Comstock* v. *Johnson*, 46 N. Y. 615; *Voorhees* v. *Burchard*, 55 id. 98; id. 106.) Upon a conveyance of real estate, the presumption is that the parties were on the premises at the time, and that the intention is to convey and receive them in the actual condition in which they then appear and exist. (*French* v. *Carhart*, 1 N. Y. 107; *Schoonmaker* v. *Davis*, 44 Barb. 466; *Harsha* v. *Reid*, 45 N. Y. 418; Angell on Water-courses [6th ed.], §§ 153, 158, 159; *Mott* v. *Palmer*, 1 N. Y. 564; *Ritchmyer* v. *Morss*, 3 Keyes, 350.) The recovery of Felt against the plaintiff Adams, and his co-purchaser John Conover, in the actions for overflowing his land by reason of the improper height of the dam, because of which they were compelled to lower it ten inches, and thus destroy the value of the water-power, was a sufficient eviction to sustain this action, assuming it was by title paramount. (*Kelly* v. *Dutch Church of Schenectady*, 2 Hill, 105; *Rea* v. *Minkler*, 5 Lans. 196; *Shattuck* v. *Lamb*, 65 N. Y. 499; *Bardwell* v. *Colie*, 1 Lans. 144; *Cowdrey* v. *Coit*, 44 N. Y. 392, 393; *Shattuck* v. *Lamb*, 65 id. 505; *Smith* v. *Smith*, 79 id. 634; 60 id. 272.) In order to ascertain upon what the jury founded their verdict in the Felt actions, the judgment-rolls in those cases were properly admitted in evidence, and it was competent and proper upon the trial of this action, to give parol evidence of the proceedings and proof in those actions, and of the questions submitted to them. (*Wood* v. *Jackson*, 8 Wend. 1, 46; *Harris* v. *Harris*, 36 Barb. 95; *Davis* v. *Talcott*, 14 id. 611, 620; *Boyce* v. *Burt*, 42 id. 351; *Burwell* v. *Knight*, 51 id. 267; *Doty* v. *Brown*, 4 Comst. 71, 75; *White* v. *Madison*, 21 N. Y. 130; *Kerr* v. *Hayes*, 35 id. 331, 338, 339; *Smith* v. *Smith*, 79 id. 634.) Jurors may testify on what grounds they based their verdict, and as to what questions were submitted to them. (1 Cow. & Hill's Notes, 59; *Connecticut* v. *Freeman*, 5 Conn.

348; *Chews* v. *Diven*, Coxe [N. J], 166.) The fact that the plaintiff sold his interest in the premises to another does not prevent his recovering for the damages sustained by the breach of the covenant for quiet enjoyment. (Sedgwick's Measure of Damages, 174.) Though the covenant runs with the land, when it is once broken it ceases to run, and the action thereon must be brought by the party in possession when eviction happens. (Willard on Real Estate, 414; *Hamilton* v. *Wilson*, 4 Johns. 72; *Reddoe's Ex'rs* v. *Wadsworth*, 21 Wend. 124.) Assuming that the plaintiff and his co-purchaser maintained the dam higher than they had a right to do, it was simply a trespass on the rights of Felt, and in order to deprive the plaintiff of the right to maintain this action, he must have known that the keeping of the dam was an illegal act and contracted to assist in carrying it out. (*Stone* v. *Hooker*, 9 Cow. 154; *Kneeland* v. *Rogers*, 10 Wend. 218; *Griffiths* v. *Hardenburgh*, 41 N. Y. 464; *Huttemeier* v. *Albro*, 18 id. 48; *Comstock* v. *Johnson*, 46 id. 615; *Voorhees* v. *Burchard*, 55 id. 98; *Simmons* v. *Cloonan*, 81 id. 557.) The court correctly charged that the slash-boards were to be treated as a permanent part of the dam, and that the covenant covered the right to maintain the dam permanently at the height it was, with the old slash-boards on. (Angell on Water-courses [6th ed.], 566, § 380; *Jackson* v. *Harrington*, 2 Allen, 242; *Hynds* v. *Shultz*, 39 Barb. 600; *Marcly* v. *Schultz*, 29 N. Y. 346, 354.)

FINCH, J. The principal attack upon this judgment is based upon a doctrine which we have recently approved. (*Green* v *Collins*, MSS., Oct. 4, 1881.*) We held in that case that a conveyance of land, though transferring whatever is properly and lawfully appurtenant to the subject of the grant, does not convey an easement which has no lawful or valid existence as such, although it may seem or appear, as matter of fact, to be attached to the land. And this upon the obvious ground that mere general words, or presumptions arising from the character and uses of the property conveyed, cannot justly be construed

---

* 86 **N. Y.** 246.

to pass a right or easement in another's land, which the grantor cannot effectually grant, and which his deed, on its face, does not necessarily purport an intention to convey. We further held that the ordinary covenant of warranty is co-extensive only with the grant, and does not reach or operate upon any thing beyond it, and what the deed does not purport to convey the covenant cannot be said to warrant. The application of this doctrine to the present case is accomplished by limiting the entire controversy to the flowing of Felt's land, and treating that as an easement in the property of a stranger from which alone the plaintiff had been evicted. If there was nothing else of the case the doctrine referred to would be decisive. The grant might be held not to pass the pretended easement, and, therefore, its loss would break no covenant of quiet enjoyment. But that is not this case. It has in it another and very important element, the possible effect of which, in cases of the conveyance of a mill property, we broadly intimated in *Green* v. *Collins*, might lead to a different result. The conveyance here was of that character. It transferred, within its metes and bounds, a dam and water-power essential to the full enjoyment and operation of a plaster-mill. It conveyed the dam, as it then stood, at its existing and apparent height, representing sufficient head and adequate power to drive the mill successfully and properly. The power thus created and stored was the essential and material element of value in the mill property which was the subject of the conveyance, and was alone measured and secured by the dam at its existing height. It stood, with its slash-boards, in plain sight of the purchaser, and formed largely the ground and reason of his purchase. He had a right to assume that it stood lawfully at its existing height, that his deed would pass it at the same height, and allow him rightfully to maintain it unchanged, and so preserve to him the water-power which was the important and essential element of his purchase. By every rule of fair construction the deed of the grantor purported to convey the dam as it existed, as it stood, and the water-power it thus indicated and measured, if not in terms, at least as an incident of the grant.

From the thing thus conveyed, itself covered by the deed and passing under it, the grantee was evicted by a paramount title. It caused an overflow of Felt's land. As to the latter, it became a nuisance, which he might lawfully abate. (*Brown* v. *Bowen,* 30 N. Y. 519; *Thompson* v. *Allen,* 7 Lans. 459). If in pursuance of that right he had come upon plaintiff's premises, and torn down so much of the dam as occasioned the overflow, he would have exercised a right and evicted the plaintiff from the enjoyment of a part of the property conveyed by the deed. He did this just as effectually by his action for damages. That vindicated his right and compelled by law a reduction in the height of the dam. The grantee, therefore, was not merely deprived of an easement in another's land which was not conveyed, and which his deed did not purport to convey, but he lost by force of the paramount title a thing actually conveyed, included within the metes and bounds of his deed, and just as much property granted by that conveyance as if it had been a particular acre of the land. Considering the subject-matter of the grant, the peculiar character of the property as a water-power and a mill-site, the existence of the dam at a height essential to that power, and to the full enjoyment of the property, we hold that the deed conveyed the dam at its existing height, and the covenant of warranty was broken when the grantee was compelled, in whole or in part, to take it down. The case, therefore, does not come within the rule of *Green* v. *Collins,* nor is it like *Burke* v. *Nichols* (2 Keyes, 670). In neither of these cases was the grantee evicted from any thing which passed by the grant. That plain line of distinction separates both from a case like the present, where the thing lost was covered by the conveyance, and embraced within its description, and the deed both conveyed, and, as we construe it, purported to convey, the identical thing destroyed by a paramount title. The justice of the rule is entirely clear. It does not permit the vendor of an apparent water-power to get a price for what he does not own, or indulge him in a palpable fraud upon his vendee. It rests upon the general principle that the covenants in a deed are designed to protect the

grantee in the enjoyment of his property, in the manner and for the particular purpose intended by the parties at the time of executing the deed. (*Comstock* v. *Johnson*, 46 N. Y. 615; *Voorhees* v. *Burchard*, 55 id. 102.)

It is further objected that the plaintiff purchased with full knowledge of the overflow of Felt's land and was chargeable with notice of his claim. We have discovered no evidence of any such fact. The careful and excellent brief of the learned counsel of the appellant turns our attention upon this point to but a single item of evidence, and that seems to us inadequate for the purpose. The plaintiff was told that Loveland, whose land as matter of fact adjoined Felt's, had sued the defendant for damages occasioned by the raising of the dam; that it had been raised and the defendant had been obliged to buy Loveland's land in order to maintain the dam. It further appeared that on the trial of the Felt suit the present plaintiff admitted the flooding of the former's land, but claimed a prescriptive right to do so. These facts are not suggestive of the knowledge claimed. On the contrary, they serve to strengthen our idea that the plaintiff bought under the clear conviction that the dam stood lawfully at its existing height, and without either knowledge or suspicion that it was creating an illegal trespass upon the lands of Felt.

We think the judgment-rolls in the two actions brought by Felt, and the evidence given of what was in fact litigated upon their trial, were properly admitted. While the complaints in those actions charged the erection of the dam by the present plaintiff and John Conover after their purchase, the answers explicitly allege that the dam was simply rebuilt by them after a flood which partially washed it away, and was merely restored to its original height as it stood when they purchased, and as they claimed it had stood while in the possession of their grantors. The precise question involved was, therefore, their right to maintain it at such height as against the claim of Felt. The oral evidence tended to show that no proof was given of any excess in the height of the dam due to the acts of Adams and

Conover, beyond that existing at the date of their purchase. (*Smith* v. *Smith,* 79 N. Y. 634.)

An exception was taken to the charge of the court that the slash-boards were to be treated as a permanent part of the dam. It is claimed that a question of fact existed upon that point, which should have been submitted to the jury. The evidence shows that a portion of the dam was ten inches lower than the remainder, and that depression was filled up with slash-boards whenever the mill was running, and they were usually removed in times of freshet, or very high water. Plaintiff swears the slash-boards were on when he bought. Defendant only says he don't "think" they were; but admits that they were always in use to keep the water up when grinding was to be done. We do not see any error in the charge in this respect.

The objection that the covenant sued on runs with the land and plaintiff lost his right of action when he parted with his title is answered by the fact that the damages suffered all accrued before his sale. (*Hamilton* v. *Wilson,* 4 Johns. 72; *Beddoe's Ex'r* v. *Wadsworth,* 21 Wend. 120.)

Several other exceptions were taken, which we have carefully examined without finding sufficient reason for a reversal of the judgment. No useful purpose requires their detailed discussion.

The judgment should be affirmed, with costs.

All concur, except DANFORTH, J., taking no part.

Judgment affirmed.