EUGENE C. GRANTIER, as Executor of MARGARET GRAN-
TIER, Respondent, v. GEORGE AUSTIN, Appellant.

*Deed — breach of a covenant of quiet enjoyment — ejectment — recoupment — notice — measure of damages — evidence.*

Margaret Grantier united with others in a deed of certain premises, which contained a warranty of peaceable possession, to George Austin, who paid a part of the consideration to her by notes. In an action of ejectment brought against Austin he was subsequently ousted from a part of the premises.

Upon an appeal by Austin from a judgment recovered by the executor of Margaret Grantier upon the notes given by Austin to her:

*Held,* that Austin was entitled to recoup the value of that part of the premises which he had lost in the action in ejectment, and also his costs and expenses of its defense.

That it was error to exclude the judgment-roll in that action.

That if Margaret Grantier had had notice of the action she would have been concluded by the judgment therein, but that, without notice to her, such judgment was *prima facie* evidence against her, and imposed upon her the duty of showing that there was no failure in her title and that there was a defense to that action.

That it was proper for Austin to prove the ejectment, the premises he was ejected from, the value of the land and his costs and expenses in defending the action of ejectment.

That where a party has been evicted from a portion of premises, which is capable of being definitely ascertained, the measure of damages is the ratio which the value of that portion bears to the whole price, together with the costs and expenses of defending the ejectment action.

That Austin should have been allowed to prove by a surveyor that the land described in the judgment in ejectment was a portion of that deeded by Margaret Grantier to Austin.

APPEAL by the defendant George Austin from a judgment of the Supreme Court, entered in the office of the clerk of the county of Montgomery on the 10th day of February, 1892, upon a verdict for the plaintiff directed by the court for $1,037.08, after a trial at the Montgomery Circuit before the court and a jury; and also from an order of said court, entered in said clerk's office on the 4th day of February, 1892, granting an extra allowance.

*Albert C. Tennant,* for the appellant.

*S. W. Putnam,* for the respondent.

HERRICK, J.:

The plaintiff's testatrix united with others in giving to the defendant a deed of certain real estate, the grantors covenanting that they were the owners and well seized of the same, and that they would warrant and defend the same in the quiet and peaceable possession of the defendant against any person claiming the same or any part thereof; the defendant paid for such premises partly in cash, by the assumption of some existing mortgages thereon, and by two notes for the balance given by him directly to the plaintiff's testatrix. The defendant entered into possession of the premises.

Sometime thereafter an action in ejectment was commenced against the defendant to recover from his possession a portion of such premises, and a few days after the commencement of such action the same grantors who had given the first deed executed and delivered another deed to the defendant, which recited that it was given in the place and stead of the first deed, "which did not properly describe the premises thereby and hereby intended to be conveyed;" the deed contained the same covenants of warranty as the first deed.

The defendant claims to have given the plaintiff's testatrix, who was one of the grantors, and all the other grantors, except the plaintiff's testatrix, notice of the suit in ejectment. The action in ejectment resulted in favor of the plaintiff therein, and the defendant was ousted from the possession of a part of the premises alleged to have been conveyed to him by such grantors.

Thereafter the plaintiff commenced action upon the notes given by the defendant to plaintiff's testatrix in her lifetime in part payment of the purchase-price of said real estate.

The defendant, admitting the execution and delivery of the notes and their non-payment, set up the facts herein recited in his answer, and asked to recoup or deduct from the amount of the notes the value of that portion of the premises which had been taken from him in the action of ejectment, together with his costs and expenses in defending such action, and offered to allow the plaintiff to take judgment for the balance.

Upon the trial the court excluded the judgment-roll in the action of ejectment; excluded evidence as to the money paid by the defendant on the judgment recovered against him in such ejectment action;

excluded evidence tending to show the value of the land taken from the defendant in such action, and also evidence tending to prove that the land covered and taken in said action of ejectment was a portion of the land described in the deeds heretofore referred to, and finally directed a verdict for the full amount of the notes. I think the defendant was entitled to recoup or counter-claim from the defendant upon such notes the damages which he had sustained by being dispossessed of the land conveyed to him. (*Gillespie* v. *Torrance*, 25 N. Y., 306; *McKnight* v. *Devlin*, 52 id., 399.)

The plaintiff's testatrix had personally covenanted for its quiet possession and enjoyment; had personally warranted the title, and the notes were a part of the purchase-price of the premises and, of the consideration for such covenants and warranty.

It seems to me that the court erred in excluding the juagment-roll in the action of ejectment; if the plaintiff's testatrix had had notice of the action it would, in the absence of fraud or collusion, have been conclusive; without notice it is *prima facie* evidence, and imposes upon the plaintiff the burden of showing that there was a defense to the action, and that there was no failure of title. And is competent to prove defendant's eviction, and what premises he had been evicted from. (*Comstock* v. *Drohan*, 8 Hun, 373; affirmed in 71 N. Y., 9; *Taylor* v. *Barnes*, 69 id., 430; *Konitzky* v. *Meyer*, 49 id., 571; *Bridgeport, etc., Fire Ins. Co.* v. *Wood*, 34 id., 275; *Adams* v. *Canover*, 87 id., 422.)

The court also erred, I think, in excluding evidence of the value of the land from which the defendant was evicted by the judgment in ejectment, and it was also competent for the defendant to prove the amount of costs and expenses he had paid or been subjected to in defending said action. Where a party has been evicted from a portion of the premises capable of definite ascertainment, the measure of damages is the ratio which the value of the premises taken bears to the purchase-price of the whole, together with the costs and expenses of defending the action. (*Hymes* v. *Esty et al.*, 133 N. Y., 342, 347; *Staats* v. *Executors of Ten Eyck*, 3 Caines, 111.)

The last case cited was approved in *Corcoran* v. *Judson* (24 N. Y., 106), and is, I believe, the settled law in this State.

It seems to me also that it was perfectly competent and proper

for the defendant to prove, by a surveyor, that the land described in the judgment in ejectment was a portion of the same premises described in the deed given by plaintiff's testatrix to the defendant, and that the court erred in excluding testimony tending to prove that such was the case.

For these reasons the judgment should be reversed and a new trial ordered, costs to abide the event.

MAYHAM, P. J., and PUTNAM, J., concurred.

Judgment reversed and a new trial ordered, costs to abide event.