BROOKLYN COOPERAGE COMPANY, Respondent, v. THE A. SHERMAN LUMBER COMPANY, Defendant.

EVA S. CLARK, as Executrix, etc., of PLINY J. CLARK, Deceased, Appellant.

Third Department, November 15, 1916.

Parties — action for trespass and for removing timber — when person not a party to an action has a legal interest in the subject thereof and is entitled to be made a party defendant under Code Civil Procedure, section 452 — evidence — judgment in prior action.

In an action at law to recover damages for entering upon the premises of the plaintiff and cutting and removing certain timber, it appeared that the owners of the premises in question conveyed the same, reserving the right to remove timber of a certain size for a period of years; that thereafter the State Comptroller sold the said premises for taxes which accrued prior to the conveyance; that the plaintiff acquired the rights of the grantees under both conveyances; that thereafter the grantors under the first conveyance conveyed the timber rights reserved by them, giving a covenant of quiet enjoyment and warranting their title, and that by subsequent conveyances containing similar covenants, the defendants acquired the timber rights thus conveyed, and by virtue thereof removed the timber for which they have been sued by the plaintiff.

Held, that the title to specific property is involved in the action and that, while the executrix of one of the first grantors of the premises may not have a legal interest in such specific property, she has a legal interest in the subject of the action, within the meaning of section 452 of the Code of Civil Procedure, and is entitled under said section to be made a party defendant, because if a recovery is had against the defendant, the latter may have recourse against the executrix under the covenants made by her testator.

In such an action against the executrix a judgment rendered in the present action would be admissible as evidence of the facts thereby established.

The interest in the subject of the action which is intended by section 452 of the Code of Civil Procedure means a legal interest and not merely a casual or incidental interest in the event or outcome of the action.

APPEAL by Eva S. Clark, as executrix, etc., from an order of the Supreme Court, made at the Montgomery Special Term and entered in the office of the clerk of the county of Franklin on the 12th day of June, 1916, denying her motion to be made a party defendant herein.

*George E. Van Kennen,* for the appellant.

*Kellas & Kellas* [*John P. Kellas* of counsel], for the respondent.

COCHRANE, J.:

This is a motion by a third party to be made a defendant in this action. The action is at law to recover damages for entering upon the premises of the plaintiff and cutting and removing spruce, hemlock, pine and cedar trees, and for such trespass the plaintiff seeks to recover treble damages. Prior to September 9, 1893, Simeon L. Clark and Pliny J. Clark were the owners of the premises in question and on that day conveyed the same to Frances V. Carpenter and others by a deed in which the grantors reserved the right to remove any timber of the size of six inches at the stump, except beech, birch and maple, for a period of twenty-five years from the date of the deed, with certain other limitations not here necessary to be stated. In the year 1897 the State Comptroller, having sold the said premises for taxes which accrued prior to the year 1893 while the grantors in said last-mentioned deed were the owners of the property, gave a conveyance thereof. The plaintiff acquired the rights of the grantees under both of said deeds in March, 1904. Thereafter and on June 24, 1904, said Simeon L. Clark and Pliny J. Clark conveyed to the Remington-Martin Company certain lands and in connection therewith the timber rights reserved by them in their said deed to Frances V. Carpenter and others dated September 9, 1893, and said deed contained a covenant that the party of the second part should quietly enjoy the said premises and that the parties of the first part would forever warrant the title thereto. By several mesne conveyances containing similar covenants the defendant has acquired whatever rights were conveyed by Simeon L. Clark and Pliny J. Clark under said last-mentioned deed and by virtue thereof has removed the timber which constitutes the alleged grievance of the plaintiff. Pliny J. Clark died August 23, 1915, leaving a last will and testament and the appellant herein, Eva S. Clark, has qualified as executrix thereof. The defendant has served a notice on her requiring her to defend this action on the theory that if a

recovery is had herein against the defendant the latter will have recourse over against the said Eva S. Clark as such executrix under the covenants made by her testator in his said deed to a predecessor in interest of the defendant.

The right of Eva S. Clark as such executrix to be made a party defendant herein is claimed under the last sentence of section 452 of the Code of Civil Procedure which provided as follows: " And where a person, not a party to the action, has an interest in the subject thereof, or in real property, the title to which may in any manner be affected by the judgment, or in real property for injury to which the complaint demands relief, and makes application to the court to be made a party, it must direct him to be brought in by the proper amendment."

The learned Special Term denied this motion on the authority of *Chapman* v. *Forbes* (123 N. Y. 532) and *Bauer* v. *Dewey* (166 id. 402).

In *Chapman* v. *Forbes* (*supra*) it was held that the party sought to be made a defendant had no interest in the subject of the action. What was really decided in that case was stated in *Hilton Bridge Construction Company* v. *New York Central & Hudson River Railroad Company* (145 N. Y. 390), at page 396, as follows: " In the case of *Chapman* v. *Forbes* (123 N. Y. 539) we held that in an action at law, pure and simple, a plaintiff could not be compelled to bring in other parties where the determination of the subject-matter involved in the action itself could be completely had between the original parties, and where the judgment in that action would form no obstacle to any claim which a third party might thereafter make against the defendant in that action. In an action at law of that nature, and in regard to the circumstances of that particular case, we held that the sections of the Code (§§ 452 and 447) did not give to the defendant the right to have another party brought in as a party defendant where his presence was not necessary to a complete determination of their rights as between the two parties to the action." It is true that in the course of the opinion in the *Chapman* case the " general principle " was stated to be " that a plaintiff in an action at law may sue whom he pleases and cannot be compelled to bring in other parties," and again that a " plaintiff

seeking nothing but a money judgment cannot be compelled to bring in any other parties than those he may choose to summon." Such is indeed the general principle, but to it there may be exceptions, and I do not understand the *Chapman* case to determine anything more than that the third party seeking to be made a defendant must have such an interest in the subject of the action as to entitle him under section 452 of the Code above cited to be made a party defendant in order to take the case out of the general principle that the plaintiff may sue whom he pleases and cannot be compelled to bring in other parties. That the court in that case recognized that there might be exceptions to the rule is apparent from its comment on the case of *People* v. *Albany & Vermont Railroad Co.* (15 Hun, 126), which was reversed by that court (77 N. Y. 232), which comment was as follows: "But the reversal was upon the ground that the corporation applying to be made a party had such an interest in the real estate to be affected by the judgment, and therefore such an interest in the subject of the action as to entitle it under section 452 of the new Code to be made a party defendant." If the appellant has an interest in the subject of this action within the meaning of said section 452 there is nothing in the *Chapman* case which precludes her from being made a party defendant.

In *Bauer* v. *Dewey* (*supra*) the question certified to the court for its answer was as follows: "Has the Supreme Court power to compel the plaintiff, in an action in which a money judgment only is sought, and in which the title to specific property is not involved, to bring in as a defendant a third party on his own application, and to order a supplemental summons and complaint served upon him." The court in discussing this question said: "The only question before this court is whether under section 452 of the Code of Civil Procedure, the Supreme Court had authority to compel the plaintiff to bring in as a defendant a third party upon his own application where only a money judgment is sought and no specific property is involved. * * * The title to no real, specific or tangible personal property was involved." It was decided in that case that in an action to recover a money judgment only *in which the title to no real or personal property was involved,* a third party could

not be brought in as a defendant on his own application. To the same effect is the case of *Long* v. *Burke* (105 App. Div. 457).

In *Christman* v. *Thatcher* (48 Hun, 446) a motion was made by a third party to be made a defendant. The court in its opinion alluded to the fact that there were conflicting decisions on the question, and said: "This is a mere common law action for the recovery of money on contract. It affects no specific property. Now, without attempting to specify all the cases in which the remedy given by section 452 may be had, we think it is plain that when a person, if made a party defendant by the plaintiff at the commencement of the action, could have demurred successfully on the ground of no cause of action, and on the trial would have recovered against plaintiff his costs, it can seldom, if ever, be proper to compel the plaintiff to add such a person as a party defendant." This was merely a statement of the general rule, and a recognition of the fact that there might be exceptions. It will be observed that reference was made in the opinion, as also in the cases of *Bauer* v. *Dewey* (*supra*) and *Long* v. *Burke* (*supra*), to the fact that no specific property was affected.

The present action clearly affects specific property. It involves the title to the trees which have been cut and removed by the defendant and its right to do so. And while it is probably true that the appellant as the executrix of her testator's estate has no direct legal interest in the property involved, she clearly has an interest to have it determined that such property belongs to the defendant, in order that she may be relieved from liability on the covenant of her testator, and if she has an interest in the subject of the action there is nothing in any of the cases cited which precludes her right to be made a party to this action.

Doubtless the interest in the subject of the action which is intended by section 452 of the Code of Civil Procedure means a legal interest and not merely a casual or incidental interest in the event or outcome of the action. If a judgment rendered against the defendant in this action would be available by the latter in an action brought by it against the appellant for recourse under the covenants in the deed of the appellant's

testator, and would prove an obstacle in such an action to the success of the appellant, then the latter has a legal interest in the subject of this action within the meaning of said section 452.  (*Merchants' National Bank* v. *Hagemeyer,* 4 App. Div. 52; *Chapman* v. *Forbes,* 123 N. Y. 532, 539.)

That in such an action against the appellant by the defendant a judgment herein against the latter would be admissible as evidence of the facts thereby established is clear from the authorities.  (*Adams* v. *Conover,* 87 N. Y. 422; *Grantier* v. *Austin,* 66 Hun, 157; *Taylor* v. *Barnes,* 69 N. Y. 430; *Konitzky* v. *Meyer,* 49 id. 571; *Comstock* v. *Drohan,* 8 Hun, 373; affd., 71 N. Y. 9; *Bridgeport Ins. Co.* v. *Wilson,* 34 id. 275.)

My conclusion is that the title to specific property is involved in this action, and that while the appellant may not have a legal interest in such specific property, she has a legal interest in the subject of this action within the meaning of said section 452 of the Code of Civil Procedure, and having such an interest and the title to specific property being involved, the appellant is entitled under said section 452 to be made a party to this action.  Nothing in any of the authorities cited, in view of the circumstances and nature of this case, militates against such right.  We do not now decide that the defendant in case of an adverse judgment against it herein will have recourse against the appellant.  That depends upon questions not here involved.  But the defendant claims such right of recourse. It cannot now be determined that such claim is wholly without foundation, and in an action by the defendant against the appellant for recourse a judgment against the defendant herein will be admissible in evidence against the appellant. This gives the appellant an interest in the subject of this action.

The order should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

All concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.