CLARA J. BROWN, Appellant, *v.* SALLY ALLEN and Others, as Administrators, etc., Respondents.

*Partial eviction — measure of damages therefor under a covenant of warranty — effect of the cutting of trees by the grantee.*

When an eviction is total, a grantee may recover under a covenant of warranty the amount of the purchase money, with interest from the time he lost the mesne profits, not to exceed six years, but when an eviction is partial, the measure of the damages is such part of the original price of the property as

bears the same ratio to the whole consideration thereof that the value of the land to which the title has failed bears to the value of the whole.

A person purchased timber lands and received a deed therefor containing the usual covenant of warranty, and gave back a purchase-money bond and mortgage. During his occupancy of such land, he denuded the same of the timber thereon which formed the chief value of the property purchased. Thereafter he was evicted therefrom by a paramount title.

*Held,* that the eviction was partial and not complete;

That the damages recoverable represented only such part of the original purchase price as the value of the land at the time of the change in the title thereto bore to the value of the land with the timber thereon.

APPEAL by the plaintiff, Clara J. Brown, from a judgment of the Supreme Court in favor of the defendants, dismissing the plaintiff's complaint upon the merits, entered in the office of the clerk of the county of Lewis on the 14th day of April, 1893, upon a decision of the court after a trial by the court at the Lewis County Circuit.

May 24, 1870, Marietta L. Brown sold and deeded to Allen & Northam, 357.14 acres of timbered land in Lewis county for $3,171.40, of which $671.40 was ·paid down by cash and a note. The balance was secured by a bond, with a mortgage, on the same lands. The deed was executed by Mrs. Brown and her husband and contained the usual covenant of warranty. Brown died the following August. Allen & Northam took immediate possession, and began cutting the hemlock trees, and peeling the bark therefrom. Practically all the hemlock, spruce, pine and valuable hard wood were removed within three years. The bond and mortgage were not executed and delivered until January, 1872, and $969.66 was paid thereon July 18, 1874.

The mortgage was assigned to the plaintiff in January, 1873. Northam died intestate before this action was brought. There was unpaid on the bond, August 10, 1892, $4,823.11. There was a Comptroller's sale of the premises, or some part thereof, September 23, 1871, for alleged taxes for the years 1861 to 1865, inclusive. There was another Comptroller's sale of the premises, October 16, 1877, for alleged taxes for the years 1866 to 1870.

The action was on the bond given for a part of the purchase price of the lands in question. The answer set up the conveyance from Mrs. Brown to Allen & Northam, the covenants contained in that deed, and averred that the title and possession were lost by a

paramount title acquired in virtue of sales for taxes, which were liens prior to the conveyance.

These facts were alleged separately by way of total defense for failure of consideration, as a partial defense for partial failure, as a set-off, or recoupment of damages, and by way of counterclaim.

The court received in evidence five Comptroller's tax deeds, recorded more than two years before suit, which it was claimed covered all the premises and deprived Allen & Northam of all they took under the Brown deed. The court also received, under the plaintiff's exception, Appendix C of the first report of the Forest Commission, made to the Legislature May 18, 1886, to prove eviction of Allen & Northam by the State from the lands in question. The plaintiff put in evidence the proceedings of the board of supervisors for 1860 to 1870, inclusive, which omitted to show that there was any action in estimating and "setting down" in column 5 the tax against each piece of property in the town where this property was situated, and in delivering the official tax list and a warrant to the collector.

The court found and decided that Allen & Northam lost all their title by reason of the tax deeds; that there was a total eviction, and that the consideration for the bond wholly failed.

At the time of the alleged eviction, the premises were practically denuded of timber and were not worth to exceed $357.15.

*C. D. Adams*, for the appellant.

*Thomas S. Jones*, for the respondent.

MARTIN, J.:

This action has been here on a former appeal. The questions as to the eviction of the plaintiff, and the admissibility in evidence of the acts of the Forest Commission, were then considered by this court. The only question we deem necessary to consider at this time is, whether the court was justified in finding that the consideration for the bond in suit had totally failed, and, therefore, that the plaintiff was not entitled to recover.

This decision was based on the theory that there had been a complete eviction of the grantees under a paramount title, and, hence, their representatives were entitled to recover of the obligee in the

bond, who was their grantor, the full sum of the consideration price mentioned in the deed to them, with interest, so that no recovery could be had by the plaintiff because of such failure of title and consequent eviction.

The appellant, however, contends that the evidence was insufficient to sustain the finding of the court that there was a total eviction as to all the property that passed by the deed. The undisputed proof was that the grantees in the deed from Brown, while in possession of the property conveyed, removed from the land a large portion of the timber standing thereon when the deed was given. It was also proved that the chief value of the land at the time of its sale was in the timber. As the trees standing upon the land when the deed was given were a part of the real estate, and passed as such by the deed, and as they constituted the principal value of the real property purchased, can it be properly said that there was such a complete eviction as to entitle the grantees to recover the full consideration paid or agreed to be paid therefor, or to insist that the consideration for the bond given by them had totally failed ?

While the general rule, so far as it can be regarded as settled in this State, is to the effect that when the eviction is total, the grantee may recover the amount of the purchase money, with interest from the time he loses the mesne profits, not to exceed six years (*Staats* v. *Ten Eyck*, 3 Caines, 111 ; *Pitcher* v. *Livingston*, 4 Johns. 1 ; *Bennet* v. *Jenkins*, 13 id. 50 ; *Baldwin* v. *Munn*, 2 Wend. 399 ; *Dimmick* v. *Lockwood*, 10 id. 142 ; *Kinney* v. *Watts*, 14 id. 38 ; *Kelly* v. *The Dutch Church of Schenectady*, 2 Hill, 106 ; *Hunt* v. *Raplee*, 44 Hun, 149, 155), yet when the eviction is partial, " the measure of damages is such part of the original price as bears the same ratio to the whole consideration that the value of the land to which the title has failed bears to the value of the whole." (Sedg. on Dam. [8th ed.] § 970 ; *Hunt* v. *Raplee*, 44 Hun, 149.)

In *Hymes* v. *Esty* (133 N. Y. 344), which was an action on a covenant of quiet enjoyment, where the breach consisted in the existence of a public street across the premises, MAYNARD, J., who delivered the opinion of the court in that case, said : " The damages lawfully recoverable in such cases may be commensurate with the eviction, but cannot exceed it." And it was held that the measure of damages was the depreciation in value, if any, of the lot at the

time of the eviction, caused by the existence of the easement, with interest from that time, and plaintiff's costs in the action which resulted in the eviction.

In *Huyck* v. *Andrews* (113 N. Y. 82), which was an action for breach of covenant in a deed which conveyed certain lands and therewith an easement, it was held that the proper measure of damages for a breach of the covenant as to the easement was the difference between the value of the land without and with the easement.

While we have been cited to no case where the precise question here involved has been determined, still we are of the opinion that the defendants were not entitled to be allowed the full amount of the purchase price of the premises as their damages for the breach of the covenant in the deed to Allen & Northam. If the rule adopted by the court is an absolute one which must be applied in all cases, its injustice can hardly be better illustrated than by this case. Here the grantees under the deed have received the timber, which was substantially all that they desired to purchase, and constituted at least nine-tenths of the value of the whole property. Yet, notwithstanding the fact that they have had the timber, they now ask, and the court at Circuit has in effect awarded them, substantially the whole value of the land and trees purchased, on the theory that their eviction was complete, and that under the rule of damages applicable in this case, they were entitled to be allowed that amount. I cannot believe that to be the law. Such a rule would be too repugnant to every sense of right and equity to exist where law is presumed to be based upon principles of justice.

We are of the opinion that the eviction in this case was but partial. The most valuable part of the real estate purchased had been enjoyed by the purchasers, and they have reaped the benefit of its removal and sale. Under such circumstances, the damages to be allowed them or their representatives should be only those that are commensurate with the eviction and their consequent loss. If allowed such part of the original price as bears the same ratio to the whole consideration that the value of the land at the time of the eviction bore to the land with the timber, they would receive all to which they are justly entitled. If some portion of the timber was removed after the title failed, as to that they might be liable to the present owners, and to that extent entitled to be allowed its value in

addition to the proportionate value of the land. We think the court erred in holding that the eviction of Allen & Northam was total, that the whole consideration for the bond had failed, and that the plaintiff was not entitled to recover thereon. For this error, we think the judgment should be reversed.

Upon a new trial it may appear more clearly what amount of timber, if any, was removed subsequent to the change of the title to the premises, and thus it may be determined whether the defendants are entitled to be allowed more than the proportion which the value of the land bore to the value of the land with the timber.

The judgment must be reversed and a new trial granted, with costs to abide the event.

HARDIN, P. J., and MERWIN, J., concurred.

Judgment reversed and a new trial granted, with costs to abide the event.