Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

H. D. Newton, for appellant.

D. G. Wellington (John E. Smith, of counsel), for respondents.

PER CURIAM.    After an examination of the record in this case, we are of the opinion that the award of the commissioners should not be disturbed.    The order of the special term, so far as it confirms their report, should be affirmed.    But the provisions of that order declaring that Roger Peck Smith was the owner of the sum so awarded is not correct.    Upon the death of the testator, Alonzo Peck, the use of the real estate in question, by virtue of his will, vested in his wife and daughter, Sophia, or the survivor of them, during their lives, and upon their death, or upon the death of Sophia and the marriage of the widow, the remainder is to vest in the children of Sophia. Roger Peck Smith, as the only child of Sophia, now represents the remainder-men, but, upon the death of Sophia, her other children, should any be born, would become entitled to a share thereof.    Their possible interests should be protected, and the ownership of the principal of this award should not be now adjudged contrary to their rights.    The executor, West, is not a trustee under the will for them, or for the infant, Roger Peck Smith, and there does not seem to be any reason for directing that he have the custody and control of this fund, which is ultimately to go to such child or children; especially should he not take possession of it without giving security therefor. The Code (section 3358) provides that all persons having any estate, interest, or easement in the property taken, or any lien, charge, or incumbrance thereon, "shall be deemed owners."    It further provides (section 3378) that, if there are any adverse and conflicting claimants to the money awarded, or any part thereof, the court may direct it to be paid into court, and may determine who is entitled to the same, and may direct to whom it shall be paid.    In view of this situation, and of these provisions, we deem it best to modify this order, by directing that the petitioner pay the amount of the award into court.    That will relieve it from further responsibility in the matter, and the court, at special term, can make such further order in reference to the ownership of the fund, and as to its proper investment, as shall be to the interests of the owners, and consistent with the views above expressed.    As thus modified, the order should be affirmed, with costs.

(21 Misc. Rep. 205.)

UTICA, C. & S. V. R. CO. v. GATES.

(Supreme Court, Trial Term, Chenango County.  February 4, 1895.)

COVENANT AGAINST INCUMBRANCE—MEASURE OF DAMAGES.
    Where land is deeded for a nominal consideration, with a view to its improvement by the grantee, and the consequent benefit to the grantor's adjoining property, the measure of damages for breach of a covenant against incumbrances is not the nominal consideration named in the deed, but the amount actually paid by the grantee to protect himself against the incumbrance, not to exceed the then value of the premises.

Action by the Utica, Chenango & Susquehanna Valley Railroad Company against Henry A. Gates, as executor of Aaron D. Gates, deceased.    Judgment for plaintiff.

E. Hurlburt and Wm. Kernan, for plaintiff.

David H. Knapp, for defendant.

FORBES, J.    This is an action to recover damages, under a full covenant warranty deed against incumbrances, arising upon the fore-closure of a real-estate mortgage upon the premises covered by said deed.    On the 13th of May, 1870, Aaron D. Gates and Mary J. Gates, his wife, of Oxford, Chenango county, N. Y., executed and delivered to the Utica, Chenango & Susquehanna Valley Railroad Company a full covenant warranty deed, covering $18/100$ of an acre of land, situate in the village of Oxford, in said county.    The deed bears date May 12, 1870, and was duly acknowledged on the 13th day of May, 1870, before a proper officer, and was recorded in the Chenango county clerk's office on the 11th day of May, 1871, at 12 o'clock m., in Liber 142 of Deeds, p. 69.    The consideration expressed in the deed was one dollar.    The deed contains the following covenant:

"And the said Aaron D. Gates, of the first part, doth hereby covenant and agree, to and with the said party of the second part, that, at the time of making this covenant, he is the lawful owner of the premises above granted, and is seised of a good and indisputable estate of inheritance therein, and that they are free and clear of inchoate dower rights, and of all incumbrances what-soever."

This covenant is followed by a second covenant, in the following language:

"And the said parties of the first part further covenant and agree that the said party of the second part may build, maintain, rebuild, and operate a rail-road thereon, and all structures connected therewith, and the above-granted premises in the quiet and peaceable possession of the said party of the second part, their successors and assigns, against any person whomsoever, will warrant and forever defend."

This deed is under seal.

On the 2d day of February, 1869, Aaron D. Gates and his wife exe-cuted and delivered to Aaron B. Gates, his father, a mortgage cover-ing said premises.    Said mortgage was recorded May 1, 1870, at 3:30 p. m.    Aaron B. Gates, the mortgagee, died in 1881 or 1882.    Aaron D. Gates died May 15, 1892, and the defendant in this action was duly and regularly appointed executor therein, and qualified under the last will and testament left by Aaron D. Gates.    On the 13th day of September, 1892, a judgment of foreclosure of said mortgage was filed, and judgment of foreclosure and sale was entered.    The sale took place November 16, 1892.    The plaintiff bid off that portion of the premises covered by its deed, and paid therefor the sum of $401. The claim was duly presented to the executor of the said Aaron D. Gates, the defendant in this action, and was rejected by him.    This action was commenced to recover, as damages, upon the covenant against incumbrances, the sum bid upon the foreclosure sale to re-lieve said premises from such incumbrance; and, under the com-plaint, interest is demanded upon said claim from the 16th of Novem-ber, 1892, together with the actual expenses which, it is alleged, the

plaintiff paid for fees and services in looking after said foreclosure, and attending the sale of said premises, amounting to $50. Upon the trial a map was placed in evidence, showing the location of the plaintiff's and other surrounding premises, and showing that the plaintiff had erected a railroad depot, and constructed railroad tracks on said premises; and the evidence shows that the plaintiff, at the time of the foreclosure, was running and operating its railroad at that point. The evidence upon the trial showed also that the value of the premises at the time of the foreclosure sale was $800. It is perfectly apparent that the nominal consideration mentioned in the deed was not the only consideration of the purchase so made, and it is asserted on the part of the plaintiff that it was understood at the time of said conveyance that the plaintiff should erect upon said premises its railroad depot, and construct over and upon said premises its main track, and operate its road across the same. Indeed, this provision is made in the conveyance, and that instrument may be resorted to for the purpose of determining what was the real consideration passing between the parties upon said sale.

The facts, so far as concerns all of the questions to be raised in the decision of this case, were conceded upon the trial. The only question to be determined is the one relating to the measure of damages sought to be recovered for the breach of the covenant against incumbrances contained in the said deed. The question is not without difficulty, nor do I find any decisive authority disposing of that question by any decision of the courts in this state, except inferentially in the cases of Dimmick v. Lockwood, 10 Wend. 142, Andrews v. Appel, 22 Hun, 429, and Grant v. Tallman, 20 N. Y. 191. The rule is well settled that, in a breach of covenant in a deed for quiet enjoyment, the measure of damages, where an eviction takes place, may not exceed the consideration expressed in the deed of conveyance, together with the interest thereon from the time of the eviction. The citation of authorities upon that proposition is unnecessary. The principle seems to be based upon the theory that that principle of law is so well settled in this state that the purchaser must be presumed to have made the purchase with reference to that well-established rule. Hymes v. Esty, 133 N. Y. 342, 31 N. E. 105, and cases cited. The case of Dimmick v. Lockwood, supra, was where a moiety of the premises was sold, and there the court permitted a recovery for the consideration paid, Savage, J., holding that the increased value of the premises could not be recovered as the measure of damages. In the case of Andrews v. Appel, supra, the question arose upon an incumbrance by an assessment and tax levied upon the premises, and the Case of Dimmick was cited by Hardin, J., with approval. But our courts have recently held that a tax upon the premises does not come within a covenant against incumbrances, unless expressly mentioned in the deed. Miller v. Eheinzweig, 79 Hun, 1, 29 N. Y. Supp. 466. In the case of Grant v. Tallman, 20 N. Y. 191, Strong, J., cites with approval the Dimmick Case, supra, but the question there turned upon the want of eviction, and where nothing was paid by him to discharge the incumbrance. In the case at bar the plaintiff remains in possession of the premises, and actually paid and advanced

the sum of $401 to pay off and cancel the incumbrance, and expended the further sum of $50 in addition thereto, in necessary efforts to protect itself under the covenant of its deed. In the case of Braman v. Bingham, 26 N. Y. 483, the grantor covenanted that the land was subject to no incumbrances except mortgages to the amount of $12,400, when in fact there were mortgages to the amount of $12,800, the grantee having paid one of them, exceeding $400. It was held that the grantee was entitled to that sum, with interest, without paying off the remaining incumbrances, and was not confined to nominal damages. There is nothing in this case to show the actual consideration paid for the premises, and the question does not appear to have been directly raised.

In the case of Barnes v. Mott, 64 N. Y. 397, Allen, J., says:

"As grantees of the land, with covenants against incumbrances, broken at the instant the grant was made, they might at any time, but for the stay by the appeal, have paid off the incumbrances, and had their action for the full amount."

The Dimmick Case is here cited, but the question under discussion in the case at bar was not before the court.

In the case of Taylor v. Barnes, 69 N. Y. 430, Allen, J., again says:

"It is claimed on behalf of the appellants that the rule of damages prevailing in this state in actions for breach of covenants of seisin, and for quiet enjoyment, and by which the recovery is limited to the purchase money and the interest, should have prevailed in this action. The rule referred to is very favorable to the covenantors, and whether it should be applied when the title fails by the fault or fraud of the grantor and covenantor is, at least, doubtful." "But it is not applied in cases of executory contracts, where the vendor has sold lands to which he has not a perfect title, and where he undertakes to complete and perfect it." "In this case there is an expressed agreement for indemnity, and a recovery which does not give the vendee the benefit of his bargain and the value of his purchase does not indemnify him against loss. The true rule of damages as a measure of indemnity in such case is the value of the land at the time of the eviction or other breach of the contract, with interest from that time."

In the case of Huyck v. Andrews, 113 N. Y. 81, 20 N. E. 581, it is held that the existence of an easement authorizing another to dam up and use the waters of a stream upon lands conveyed is a breach of a covenant against incumbrances, and knowledge on the part of the grantee at the time of the conveyance, or notice to him of the existence of the easement, is no defense to an action for a breach; that there is no distinction in this respect between incumbrances which affect the title and those simply affecting the physical condition of the land; that the proper measure of damages is the difference between the value of the land without and with the easement.

In the case of Hymes v. Esty, supra, in discussing the rule of the measure of damages for a breach of quiet enjoyment, Maynard, J., writing the opinion, said:

"This rule makes the original agreement of the parties the inflexible measure of value, and seems to have had a very ancient origin, having been adopted at a time when land was not regarded as possessed of a market value. It is necessarily somewhat arbitrary and unjust in its operation, and ordinarily excludes the benefits to which the grantee would seem to be entitled, accruing from a good bargain, or a rise in the market value, or on account of expenditures made for permanent improvements, unless the latter may be deemed

a part of the price paid for the property. We cannot find that it has ever directly received the approval of this court."

The case of Taylor v. Barnes, supra, is cited and discussed in the case of Jenks v. Quinn, 137 N. Y. 223, 33 N. E. 376, in which case this court, at the circuit, held that the measure of damages upon an eviction, under a mortgage which amounted to $496, was the value of the premises at the time the eviction took place. That holding was affirmed by the general term (16 N. Y. Supp. 240), and the doctrine was approved in 137 N. Y., 33 N. E., supra. The consideration stated in the deed was $2,200. This decision was intended as a departure from the doubtful rule holding that the measure of damages, as against an incumbrance, is the damages actually sustained by reason of the incumbrance; following the case of Wilcox v. Campbell, 106 N. Y. 325, 12 N. E. 823.

In the case at bar it must be held that, in view of the well-known use to which the property was to be put by the grantee,—the benefits to accrue to the testator's adjoining premises from the expenditures to be made thereon by the grantee,—the consideration or the purchase price must be deemed to be, in addition to the nominal consideration named in the deed, the amount actually to be paid out and added to said premises, which in this case amounts to $800, the value of the land at the time the incumbrance was paid, for the reason that, upon the sale of these premises, all of these improvements would have passed to the mortgagee, and from him to the purchaser, through the fault of the mortgagor in not disclosing said lien, within the cases reported in McGuckin v. Milbank (Sup.) 31 N. Y. Supp. 1049; 69 N. Y., supra; 133 N. Y., 31 N. E., supra; and Gates v. De La Mare, 142 N. Y. 307, 37 N. E. 121. The plaintiff must therefore recover from the defendant the sum so expended in protecting itself against said incumbrance, not to exceed the value of the premises at the time of such sale, upon the foreclosure, in the sum of $451 and interest thereon, besides the cost of this action, to be paid out of the estate.

Judgment may be entered accordingly.