(8 App. Div. 181)

UTICA, C. & S. V. R. CO. v. GATES.

(Supreme Court, Appellate Division, Third Department. July 7, 1896.)

COVENANT AGAINST INCUMBRANCE—MEASURE OF DAMAGES.

The measure of damages for breach of a covenant against an incumbrance is not the purchase price, but the amount paid by the covenantee to protect himself against the enforcement of the incumbrance, not to exceed the then value of the premises.

Appeal from special term, Chenango county.

Action by the Utica, Chenango & Susquehanna Valley Railroad Company against Henry A. Gates, as executor of the will of Aaron D. Gates, deceased, to recover damages for an alleged breach of warranty against incumbrances contained in a deed from defendant's testator to plaintiff. There was a judgment in favor of plaintiff, and defendant appeals. Affirmed.

Argued before PARKER, P. J., and LANDON, HERRICK, MERWIN, and PUTNAM, JJ.

Eugene Clinton, for appellant.
W. & N. E. Kernan, for respondent.

PARKER, P. J. The evidence in this case shows beyond controversy that the grantor, Aaron D. Gates, executed to this plaintiff a conveyance of certain premises in the village of Oxford, for the purchase price of one dollar, and that such purchase was made for the purpose of constructing its railroad across it; that at the time of such conveyance there was an outstanding mortgage for $2,000, upon

these and other premises, given by the grantor, and therefore, of course, then known by him to be outstanding, and a lien upon the premises conveyed. The mortgage had been outstanding since February 2, 1869, but it was not put upon record until May 11, 1870, at 3:30 o'clock p. m. The deed to plaintiff was executed and delivered May 12, 1870. Such deed contained a covenant against incumbrances. It also contained a covenant of seisin, and the usual covenant to warrant and defend. The grantor did not make known to the plaintiff the existence of the outstanding mortgage, and the purchase was made and the conveyance taken by plaintiff in ignorance of the same. The plaintiff constructed its railroad upon the premises so conveyed, and has ever since remained in the possession and use of the same. In June, 1892, the said mortgage was foreclosed, and the plaintiff, in order to prevent the sale of its premises thereunder, was compelled to pay, and did pay, to the holder of the mortgage the sum of $401. At the time of such payment the premises were worth the sum of $800. The question presented by this appeal is whether, under such circumstances, the plaintiff is entitled to recover against the grantor's estate the sum of $401 he was so compelled to pay, and interest from the time of its payment, or whether his damages should have been confined to the purchase price of the premises, and interest thereon. The trial court awarded judgment to the plaintiff for such sum of $401 and interest, and from that judgment the defendant takes this appeal.

Although it has never been directly approved by the court of appeals in this state, the rule that upon an action for a breach of covenant of seisin, and of warranty for quiet enjoyment, where there has been an actual eviction, the grantee can recover no more than the purchase price and interest, is too well settled in this state to be disturbed by this court. Jenks v. Quinn, 61 Hun, 434, 16 N. Y. Supp. 240, and cases there cited. But the question whether a similar rule must be adopted and applied to actions upon breach of covenants against incumbrances is not so clear. Prior to the case of Dimmick v. Lockwood, 10 Wend. 142, the rule seems to have been that in such cases the covenant was broken as soon as it was made, and that, therefore, an action might at once be maintained thereon. If the incumbrance was merely outstanding, and nothing had been paid, or enforced against the grantee, thereon, the damages in such an action were merely nominal. But if the grantee had paid the same, or any part thereof, he might recover from the grantor the amount so paid, and interest. Delavergne v. Norris, 7 Johns. 358; Hall v. Dean, 13 Johns. 105; De Forest v. Leete, 16 Johns. 123; Stanard v. Eldridge, 16 Johns. 254. It is true that in the above cases the precise question whether such recovery could in any event exceed the original purchase price and interest was not discussed, but in each one of them the rule is stated without any such limitation as to the amount. In Dimmick v. Lockwood, however, doubt was expressed as to the accuracy of this rule; and although that case could have been, and possibly was, decided upon the ground that it was one upon a breach of warranty for quiet enjoyment, and absolute eviction from the premises, and hence was controlled by the rule

in such cases, yet it must be conceded that the reasoning of the court limits the damages, in actions under either of the covenants above referred to, so that they cannot exceed the consideration paid for the premises. Since such case, there have been some expressions in opinions intimating that the rule is as therein stated. Andrews v. Appel, 22 Hun, 429. But I do not find that the question has since been so decided in any case where it has been squarely up, and its decision has been necessary. On the contrary, there have been some decisions which seem to be inconsistent with such a rule. Thus, in Huyck v. Andrews, 113 N. Y. 81, 20 N. E. 581, it is held that in an action on a covenant against incumbrances, when the breach claimed was the existence of an easement upon the premises, the measure of damages is the difference in value of the land with and without the easement. See, also, Hymes v. Esty, 133 N. Y. 342–346, 31 N. E. 105. It seems, therefore, that where the action is upon a covenant against incumbrances, and the breach assigned is, not that the title has failed and that an eviction has followed, but that the grantee has been compelled to pay off the incumbrance in order to protect his possession, we are not confronted by any such ancient and well-settled rule as prevails in an action for a breach of covenant of seisin or for quiet enjoyment, and we are at liberty to apply such a rule of damages as will award to the covenantee such an indemnity as may fairly be supposed to have been contemplated by the parties when the covenant was made. In Pitcher v. Livingston, 4 Johns. 10, which is a leading case in establishing the rule of damages in actions for breach of covenants for seisin and for quiet enjoyment, it is said:

"The covenant against incumbrances stands upon a different footing, and is governed by different principles. That is strictly a covenant of indemnity, and the grantor may recover to the full extent of any incumbrances upon the land which he shall have been compelled to discharge."

Treating, then, the covenant against incumbrances as an indemnity,—which it very clearly seems to be,—nothing less than payment of the loss actually sustained by reason of the incumbrance can satisfy it. If the grantee has put valuable improvements upon the premises, and thereby enhanced their value, and the enforcement of an existing incumbrance upon them is about to deprive him of his property in them, evidently the loss which he sustains by reason of such incumbrance is the sum which he must pay to prevent such enforcement,—not to exceed, however, the then value of the premises. The payment is made for the purpose of retaining to himself the use and ownership of such premises, and, of course, if not made, he could lose no more than their value. But in very many cases, as in the one at bar, it is plain that the grantee will have to expend, in relieving the premises from the burden of the incumbrance, more than he originally paid for the premises; and if he may not recover, upon the covenant, a greater sum than such purchase price, he has by no means been indemnified for the loss he sustains. In other words, complete indemnity cannot be made to the grantee by restoring to him only the purchase money and interest, when he has been deprived of property which far exceeds that amount in value. It is a

fair presumption that, in all cases where lands are sold and conveyed, the parties understood that the purchaser will put such improvements on them as he deems necessary for their profitable use and enjoyment, and that in such manner the value of the premises may be greatly increased; and, when a grantor covenants to indemnify the purchaser against an outstanding incumbrance, he must be deemed to have contracted with a full understanding of the possibility of such increase, and of the effect that it would have upon the grantee's loss, in the event that the incumbrance was enforced. I am not indifferent to the logic of the argument that, if the value of improvements may not be considered in an action upon a covenant of seisin or for quiet enjoyment, when the enforcement of the incumbrance has resulted in an eviction and the loss of the entire estate, they should not be allowed in estimating damages for a breach of the covenant against incumbrances, when payment has been made, instead of an eviction suffered; but my answer is that, however proper the rule may be in the actions in which it was promulgated, it falls too far short of adequate indemnity to be extended to the class of actions now being considered. The damages in the cases of Huyck v. Andrews and Hymes v. Esty, above cited, seem to have been adjusted upon the principle that the covenantee, in an action upon the covenant against incumbrances, is entitled to such a sum as will indemnify him for the loss actually sustained, and may be taken as an intimation that the rule upon which the appellant now relies will not be extended. My conclusion is that, in an action similar to the one at bar, the amount paid by the covenantee to protect himself against the enforcement of the incumbrance,—not to exceed, however, the then value of the premises,—is the measure of his damages. One of the controlling reasons which influenced the adoption of the existing rule in actions on covenants for quiet enjoyment was that it was a covenant running with the land, and that it could not be presumed that the grantor intended to covenant to pay for expensive improvements, or for advances in value, of the extent of which he could make no calculation, and for which he received no consideration, and which payment in the years to come might suddenly overwhelm him, or his descendants, in unexpected ruin. It is to be noticed that in a covenant against incumbrances the grantor is not contracting under any such uncertainty. He knows—particularly if he has, as in this case, himself created it—the exact amount of the incumbrance, and the utmost extent of the liability he incurs; and, when he enters into a personal covenant to indemnify the grantee against such incumbrance, there is no reason apparent why he should not be held to the performance of his obligation. In my opinion the judgment of the trial court was correct, and should be affirmed.

Judgment appealed from affirmed, with costs.  All concur.