■ 487 ELMWOOD, INC., Respondent, v WILLIAM D. HASSETT, JR., et al., Defendants, and McDONALD'S CORPORATION, et al., Appellants. (Appeal No. 2.)—Judgment unanimously affirmed without costs. Same memorandum as in *487 Elmwood v Hassett* ([appeal No. 1] 161 AD2d 1170 [decided herewith]). (Appeal from judgment of Supreme Court, Erie County, Dillon, J. —partial eviction.) Present—Callahan, J. P., Doerr, Boomer, Green and Davis, JJ.

■ 487 ELMWOOD, INC., Plaintiffs, v WILLIAM D. HASSETT, JR., et al., Respondents, and McDONALD'S CORPORATION, et al., Appellants. (Appeal No. 3.)—Order insofar as appealed from unanimously reversed on the law with costs and motion granted. Memorandum: Supreme Court improperly denied the motion of defendants McDonald's Corporation Franchise Realty Interstate Corp., and McDonald's of Kensington, Ltd. (the McDonald defendants) for summary judgment on their cross claim for indemnity, including attorneys' fees, against defendants Hassett and Townsell. In the lease granted to the McDonald defendants, Hassett and Townsell, as lessors, covenanted that "the demised premises are free and clear of all tenancies" and that the lessor "will indemnify Lessee against any damage and expense which Lessee may suffer by reason of any lien, encumbrance, restriction or defect in title or description of the premises." This language was sufficient to indemnify defendants for the damages caused by breach of the covenant against encumbrances, even if the damages were also incurred by reason of the McDonald defendants' own negligence *(see, Austro v Niagara Mohawk Power Corp.,* 66 NY2d 674; *Hogeland v Sibley, Lindsay & Curr Co.,* 42 NY2d 153, 158-159; *see also, Gross v Sweet,* 49 NY2d 102, 108). Moreover, the covenant against encumbrances protected the McDonald defendants in spite of their actual or constructive

notice of the existence of the easement *(see, Callanan v Keenan,* 224 NY 503, 508, *rearg denied* 225 NY 662; *Pryor v City of Buffalo,* 197 NY 123, 136; *Huyck v Andrews,* 113 NY 81, 90). A covenant against encumbrances is treated as a contract of indemnity. For breach of the covenant, the covenantee is entitled to recover for the actual loss sustained by reason of the encumbrance *(City of New York v New York & S. Brooklyn Ferry & Steam Transp. Co.,* 231 NY 18, 24, *rearg denied* 231 NY 598; *McGuckin v Milbank,* 152 NY 297, 302, *rearg denied* 153 NY 649; *Utica, Chenango & Susquehanna Val. R. R. Co. v Gates,* 8 App Div 181, 184).

We note that the terms of the lease restricted the recovery for attorneys' fees to circumstances where "the Lessor or Lessee shall institute any action or proceeding against the other relating to the provisions of this Lease, or any default hereunder." Thus, the McDonald defendants are entitled to payment for legal expenses incurred in connection with their cross claim against Hassett and Townsell, not those incurred in the main action. Accordingly, the McDonald defendants are granted summary judgment for the amount of the judgment entered against them by plaintiff together with interest and costs. They are also granted summary judgment for reasonable attorneys' fees incurred in connection with the cross claim, the amount to be determined by an "immediate trial" (CPLR 3212 [c]). (Appeal from order of Supreme Court, Erie County, Wolfgang, J.—summary judgment.) Present—Callahan, J. P., Doerr, Boomer, Green and Davis, JJ.